IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTIN A. CRAGE,<br><br>Plaintiff,<br><br>v.<br><br>SCHWARZMAN ANIMAL MEDICAL CENTER, PAUL GREENE, NEIL McCARTHY, and HELEN IRVING,<br><br>Defendants. | No. 1:23-cv-08893-LAP |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Discovery in the above-captioned action is likely to involve production of confidential, proprietary, and/or private information for which special protection may be warranted. Accordingly, Plaintiff Kristen Crage ("Plaintiff") and Defendants Schwarzman Animal Medical Center ("AMC"), Paul Green, Neil McCarthy, and Helen Irving (together the "Defendants") hereby stipulate to and petition the Court to enter the following Confidentiality Agreement and Stipulated Protective Order (hereinafter, the "Agreement"). This Agreement does not confer blanket or full protection on all disclosures or responses to discovery, in that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. In addition, this Agreement does not presumptively entitle parties to file confidential information under seal.

2. CONFIDENTIAL MATERIAL

"Confidential Material" will include the following documents and tangible things produced or otherwise exchanged:

(a) Personnel files and compensation records of current or former employees, independent contractors, or agents;

(b) Personally identifiable information of non-parties, including current or former employees, independent contractors, or agents;

(c) Performance reviews of current or former employees, independent contractors, or agents;

(d) Any party's financial information (including tax returns, and documents reflecting financial information of Respondent that is not publicly available);

(e) Any information and documents related to Plaintiff's medical (physical and mental) conditions of any kind; and

(f) AMC's non-public business information deemed confidential and proprietary.

3. SCOPE

The protections conferred by this Agreement cover not only Confidential Material (as defined above), but also cover (1) any information copied or extracted from such Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material. However, the protections conferred by this Agreement do not cover information that is in the public domain or that becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

(a) Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the above-captioned action, and not for any business or other purpose. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Agreement. Confidential Material will be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.

(b) Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to the following persons or entities:

(i) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation;

(ii) the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of this litigation;

(iii) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Individual Agreement To Respect Confidential Information" (Exhibit A);

(iv) the Court and its staff;

(v) court reporters working for or with the parties or the Court in this litigation;

(vi) copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to return all originals and copies of any Confidential Material;

(vii) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed Exhibit A unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material should be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreement; and

(viii) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(c) Filing Confidential Material. Before filing Confidential Material or discussing or referencing such material in filings, the filing party will confer with the designating party, by way of telephone and/or video conference, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the "meet and confer" process as to any such issues, the designating party should identify the basis for sealing the specific confidential information at issue, and the filing party will include this basis in its motion to seal, along with any objection to sealing the information at issue.

5. DESIGNATING CONFIDENTIAL MATERIAL

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).[1]

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial/pre-hearing proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days or such other period agreed by the parties after receiving the transcript of the deposition or other pretrial/pre-hearing proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial

---

[1] The terms and conditions of this Agreement operate retroactively to documents that have already been produced by any party previously provided that the party has either identified such documents already as Confidential or identifies such documents as Confidential promptly upon the parties' execution of this Agreement.

3

and/or the hearing in this litigation, the issue should be addressed during the pre-trial/ pre-hearing conference.

    (c) <u>Objections to Confidentiality Designations</u>: In the event that a party objects at any time to the designation of a document, testimony or information as "Confidential" (which right is hereby reserved), the objecting party should notify the designating party of its objection in writing. The parties will then endeavor to resolve any such disputes in good faith. In the event that the dispute cannot be resolved informally, either Party may apply to the Court by way of motion for a ruling as to the appropriateness of the designation in light of the terms of this Confidentiality Agreement, and based upon prevailing law and any applicable court rules. Until the Court enters an order affecting the designation of the document, testimony or information, it shall be treated as "Confidential" in accordance with this Agreement.

    (d) <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Agreement.

6. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must take the following steps:

    (a) notify the designating party promptly, in writing, and include a copy of the subpoena or court order;

    (b) notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Agreement. Such notification must include a copy of this Agreement; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Agreement, the receiving party must immediately take the following steps: (a) notify, in writing, the designating party of the unauthorized disclosures; (b) use best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement; and (d) request that such person or persons execute Exhibit A.

8. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

9. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within sixty (60) days after the final termination of this action, including all appeals, each receiving party must either return all Confidential Material to the producing party, including all copies, extracts, and summaries thereof or confirm that it, he, or she has disposed of all Confidential Material by way of shredding Confidential Material in paper form and permanently deleting Confidential Material in electronic form.

Notwithstanding this provision, counsel for the parties are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The provisions of this Agreement will survive the termination of this litigation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Counsel for the Parties:

DUANE MORRIS LLP
By: /s/ *Michael A. Curley*
Michael A. Curley
1540 Broadway
New York, New York 10036-4086
Phone: (212) 692-1063
Fax: (215) 501-5708
Email: mcurley@duanemorris.com

*Attorneys for Defendants*

Dated: 9/10/24
New York, New York

LAW OFFICES OF JIMMY M. SANTOS, PLLC
By: /s/ *Jimmy M. Santos*
Jimmy M. Santos
28 Wilson Place
Cornwall, New York 12518
Phone: (845) 537-7820
Fax: (845) 595-2266
Email: jmssesq@gmail.com

*Attorney for Plaintiff*

SO ORDERED:

_____
LORETTA A. PRESKA
United States District Judge

5

## **EXHIBIT A**

## **INDIVIDUAL AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I have read and understand the Confidentiality Agreement and Protective Order in the case of *Kristin Crage v. Schwarzman Animal Medical Center, et al.*, No. 1:23-cv-08893-LAP (S.D.N.Y.). A copy of the Confidentiality Agreement and Stipulated Protective Order has been delivered to me with my copy of this Individual Agreement. I agree to be bound by all the terms of this Individual Agreement. I agree to be bound by all the terms of the Confidentiality Agreement and Protective Order, regardless of whether it is entered by the Court, and hereby agree not to use or disclose the Confidential Material to be disclosed to me except for purposes of this litigation as required by the Confidentiality Agreement and Stipulated Protective Order.

I further agree and attest to my understanding that a breach of this Individual Agreement may be directly actionable, at law and equity, and may constitute a violation of the Confidentiality Agreement and Protective Order, and that in the event I fail to abide by the terms of the Confidentiality Agreement and Protective Order, or if I disclose or make use of any Confidential Material acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

Dated: _____       _____

Signature

_____

Name (Printed)

_____

Street Address

_____

City       State       Zip

_____

Employer