# LAW OFFICES OF JIMMY M. SANTOS, PLLC

*Civil Rights, Labor & Employment, & Civil Litigation*

---

, M. Santos, Esq.  
ne (845) 537-7820  
email: jmssesq@gmail.com  
www.nycivilrightslaw.com

28 Wilson Place  
Cornwall, New York 12518  
Fax: (845) 595-2266

June 25, 2025

**VIA ECF**

The Hon. Loretta A. Preska  
United States District Court  
Southern District of New York  
United States Courthouse  
500 Pearl Street, Room 2220  
New York, NY 10007

                Re:    <u>Kristin Crage v. The Schwartzman Animal Medical Center, et al.</u>  
                        Civil Action No 23-CV-08893 (LAP)

Dear Senior District Judge Preska:

      As Your Honor is aware, I represent the Plaintiff, Ms. Kristin Crage, in this age discrimination and retaliation case against defendants pursuant to the ADEA, the NYS Human Rights Law (the "NYSHRL"), and the NYC Human Rights Law (the "NYCHRL"). In accordance with Rule 2(A) of Your Honor's Individual Rules of Practice, on behalf of Ms. Crage, I submit this 3rd letter-motion requesting that the Court allow Plaintiff to take two (2) additional depositions. The party depositions were completed on June 18th.

      Your Honor two (2) prior orders denied, *without prejudice*, Plaintiff' applications to take additional depositions upon showing good cause, after the completion of the parties' three (3) depositions. The undersigned submits that Plaintiff be allowed to take the depositions of non-party witness Emily Brill and Nicole Trinler, who is Plaintiff's comparator at defendant Schwartzman Animal Medical Center ("AMC").

      It is respectfully submitted that Plaintiff <u>*has*</u> good cause to take the depositions of Ms. Brill and Ms. Trinler:

1. Non-party Emily Brill is the reporter who defendants' claim was given "confidential" information by Plaintiff, the former Executive Assistant of the CFO and CAO, which defendants allege was the reason they terminated of Ms. Crage on September 26, 2024 (while this case was in the process of discovery);

    <u>and</u>

2. Nicole Trinler is Plaintiff's comparator, as the Executive Assistant/ Program Manager to AMC's CEO, whose work performance and work-place conduct vis-à-vis Plaintif's are relevant to Plaintiff's age discrimination and retaliation claims;

1

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure ("FRCP"):

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The Court has 'discretion to make a determination which is fair and equitable under all the relevant circumstances.'" U.S. Bank N.A. v Mattone Group Jamaica Co., LLC, 2025 US Dist LEXIS 39541, at *3-4 (SDNY Feb. 28, 2025) (where good cause was shown to allow the deposition of witness with knowledge of key facts) (citing United States v. Prevezon Holdings, Ltd., 320 F.R.D. 112, 114 (S.D.N.Y. 2017).

New York Courts typically rely upon certain enumerated factors to guide their discretion, including but not limited to, (1) whether the trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established, (5) the foreseeability of the need for additional discovery, and (6) *the likelihood that the discovery will lead to relevant evidence. Id.* (See e.g., City of Almaty Kazakhstan v. Ablyazov, 2019 U.S. Dist. LEXIS 112673, 2019 WL 3281326, at *8 (S.D.N.Y. July 3, 2019)).

Here, with respect to Ms. Brill, defendants claim that Plaintiff's (post-case filing) termination was allegedly due to Ms. Crage sending "confidential information" related to AMC's Pet Insurance Policy/ Program to reporter Ms. Brill in or about March 2023. At the deposition of individual defendant Paul Greene, there are texts dated September 9 and 10, 2024 (prior to Plaintiff's termination) between Greene and Emily Brill wherein Ms. Brill offers to "help" defendants with information as to alleged "confidential" information Ms. Crage shared, which is false (*attached hereto* as exhibit 1 are true and accurate copy of the texts).

The text exchange shows that Mr. Greene discussed getting clothes (or "gifts") to Ms. Brill discussed getting clothes (or "gifts") from Greene. *Id.* Indeed, Greene testified that he believed another AMC employee, Dr. Hohonhouse, gave Ms. Brill the gifts. Individual defendant Neil McCarthy testified that he did not know of the Brill-Greene text exchange. After Plaintiff was fired on September 26th, Ms. Brill sent an email to Ms. Crage in which Ms. Brill claimed that my client's case was "bogus". (*attached hereto* as exhibit 2 is a true and accurate copy of Ms. Brill's 9/26/24 email).

As such, it would be highly prejudicial to Ms. Crage's claim of retaliatory discharge to ascertain Ms. Brill's knowledge and involvement with respect to Plaintiff's termination. As stated previously, the undersigned made at least two (2) other motions seeking leave to take the deposition of Ms. Brill.

As to Plaintiff's request to take the deposition of Ms. Nicole Trinler, she is Plaintiff's younger comparator as she was the Executive Assistant to the CEO. Defendants later gave Ms. Trinler a "title change" to make her a Program Manager/ Executive Assitant with an accompanying raise of approximately $20,000.00 (and about $10,000.00 more than Ms. Crage when Plaintiff was fired); despite the fact that Plaintiff had superior skills and credentials. (*attached hereto* as exhibit 3 is a true and accurate copy of a document of Ms. Trinler's "title change" and raise of approximately $20,0000.00).

2

At their depositions, both individual defendants Greene and McCarthy had no knowledge as to whether there were any issues with Ms. Trinler's work performance, history of misconduct and/ or violation of any AMC policies. As such, it is respectfully submitted that deposing Ms. Trinler is crucial to determining whether defendants' treatment vis-à-vis Plaintiff's was inferior in comparison to Ms. Trinler.

As to the first factor, the trial is not imminent. With respect to the 3rd factor, I do not believe that defendants would suffer any prejudice. The Plaintiff was diligent in obtaining discovery within the guidelines established, the need for additional discovery was foreseeable as evidenced by Plaintiff making two (2) prior motions to compel the taking of these two witnesses, and it is highly likely that the discovery sought herein will lead to relevant evidence as to whether defendants' reasons for terminating Ms. Crage are mere pretext with respect to Plaintiff's age discrimination and retaliation claims under the ADEA, the NYSHRL, and the NYCHRL.

The undersigned respectfully submits that denying Plaintiff's application herein would severely prejudice her case if she is not allowed to take the depositions of Ms. Brill and Ms. Trinler who have been identified as having relevant knowledge of her claims, and *"that a clearly defined, specific and serious injury will occur in the absence of such an order."* Ingram v City of NY, 2023 US Dist LEXIS 175377, at *4 (SDNY Sep. 26, 2023, No. 21-CV-9050) (NRB) (emphasis added).

In the event that Your Honor grants our motion to permit Plaintiff to take the depositions of Emily Brill and Nicole Trinler, I ask that Your Honor grant an extension until July 28, 2025 to complete fact discovery.

As stated above, Plaintiff has moved to take these depositions (the "Motion") twice before which Your Honor denied. Defense counsel opposes the Motion but consents to the request for an additional thirty (30) days to complete discovery in the event that Your Honor grants the Motion.

Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

/S/ Jimmy M. Santos
Jimmy M. Santos, Esq. (JS-0947)

Cc: All Counsel of Record (via ECF)

*Counsel may proceed with the depositions of Ms Brill and Ms. Trinler. The final pretrial conference is adjourned to July 15 at noon. Trial is adjourned to July 28 at 10:00.*

SO ORDERED
*Loretta A Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

6/24/25

3